IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-294-Z-BR |
| | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Shedrick Thornton ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding (case number 20200207271) that took place at the Connally Unit in Karnes County, Texas. (ECF 1 at 1–3). Petitioner is currently incarcerated at the Clements Unit pursuant to two convictions for stalking and the resultant six-year concurrent sentences. (*Id.* at 2; ECF 12-1 at 1–3). Petitioner's convictions are out of the 1st Criminal Judicial District Court of Dallas County, Texas. (ECF 12-1 at 2). For the reasons set forth below, the undersigned United States Magistrate Judge recommends that Petitioner's application for federal habeas corpus relief be DENIED.

**I.     DISCIPLINARY CHARGE AND PROCEEDINGS**

On June 4, 2020, Petitioner was notified that he was being charged with possession of a narcotic, K2 (synthetic marijuana), under Level 1, Code 12.0 of the Texas Department of Criminal Justice's ("TDCJ") *Disciplinary Rules and Procedures for Offenders*. (ECF 12-2 at 3). Specifically, it was alleged that on May 30, 2020, correctional officers searched Petitioner's cell. (*Id.* at 3–4). A narcotic-detection canine alerted to the location underneath the toilet, where two cigarettes containing K2 were found. (*Id.* at 4). On June 8, 2020, Petitioner's counsel substitute

asked him if he wanted to attend the disciplinary hearing. (*Id.* at 5). Petitioner said "no" and did not attend the hearing. (*Id.* at 4–5).

A Disciplinary Hearing Officer ("DHO") conducted Petitioner's disciplinary hearing on June 8, 2020. (*Id.* at 3–4). The DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of 100 days of previously accrued good time credit.[1] (*Id.* at 4).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. (*See* ECF 1 at 5–6; ECF 12-3 at 3–6). Petitioner filed a Step 1 grievance arguing that he was "not responsible for the contraband that belonged to [his] cellmate." (ECF 12-3 at 3). On July 25, 2020, relief was denied at Step 1 with the following response:

> A review of disciplinary case # 20200207271 was completed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. There were no technical errors or procedural violations noted. The punishment imposed was within the guidelines. The decision of the hearing officers will remain. There is no action warranted to dismiss disciplinary case.

(ECF 12-3 at 4). Petitioner filed a Step 2 grievance, re-urging his Step 1 argument and adding claims that: the guilty verdict was not supported by a preponderance of the evidence; "[t]he punishment imposed was not within the guidelines"; the searched violated "PD-22 Rule" because it was unprofessional and unethical for the warden, who identified him on the morning of the search, to have also issued the Step 1 ruling; his due process rights were violated because the DHO and his counsel substitute failed to satisfy their fiduciary duties; and the DHO and counsel substitute "ran the case without [him]" because he did not participate in the hearing. (*Id.* at 5). On October 1, 2020, relief was denied at Step 2 with the following response:

---

[1] Petitioner's other punishment included: (1) loss of 30 days of recreational privileges; and (2) loss of 45 days of commissary privileges. (ECF 12-2 at 4). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

> Major disciplinary case #20200207271 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action warranted.

(*Id.* at 6).

Petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.   PETITIONER'S ALLEGATIONS

Petitioner contends that his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt in four ways:

1. Petitioner was denied due process, because the K2 (synthetic marijuana) was never tested as required by the TDCJ's *Disciplinary Rules and Procedures for Offenders*;

2. Petitioner was denied due process, because there was insufficient evidence to show that the K2 was in Petitioner's possession;

3. Petitioner was subjected to cruel and unusual punishment, because he was not allowed to participate in the disciplinary hearing; and

4. Petitioner was subjected to cruel and unusual punishment, because he was punished for an offense that he did not commit.

(ECF 1 at 6–7).

The undersigned construes Petitioner's first, second, and fourth claims to be that the evidence was insufficient to show that he committed the alleged disciplinary violation. Therefore, the Court will first address those three arguments together and then address Petitioner's third argument—that he was denied the right to attend his disciplinary hearing.

## III.   EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless either Petitioner has first exhausted the remedies available in the state courts or an exception to

3

exhaustion exists. However, Petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031–32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Respondent contends that Petitioner's first, third, and fourth claims are unexhausted and thereby procedurally defaulted. (ECF 18 at 6–7). The undersigned, however, declines to address whether Petitioner properly exhausted his administrative remedies and will proceed to the merits

---

[2] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

of Petitioner's claims, as is within the undersigned's authority. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### IV. STANDARD OF REVIEW

Federal habeas relief can be had only where a petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). When a prison disciplinary hearing results in the loss of good-time credits, which will result in a prisoner's confinement being extended, constitutional due process requires that an inmate receive:

1. advance written notice of the charges;

2. an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

3. a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974); *see Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985).

"The Supreme Court has held that due process is satisfied in this context if, *inter alia*, 'some evidence supports the decision by the prison disciplinary board to revoke good time credits.'" *Kapordelis v. Myers*, No. 19-30968, 2021 WL 5069332, at *3 (5th Cir. Nov. 2, 2021) (quoting *Hill*, 472 U.S. at 455). The district court need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. *Hill*, 472 U.S. at 455. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. A federal court may act only when arbitrary or capricious action is shown—*i.e.*, "only where there is *no evidence whatsoever* to support the

decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994) (per curium) (emphasis added); *see Hill*, 472 U.S. at 457 (finding the "some evidence" standard met even where there was "no direct evidence" and the existing evidence was "meager").

Petitioner was afforded all the due process to which he was entitled under *Wolff*. First, Petitioner was provided with written notice of the charges on June 4, 2020 at 11:03 a.m. (ECF 12-2 at 3). This constitutes advanced written notice of the hearing, because the hearing was held on June 8, 2020 at 2:48 p.m. (*Id.* at 3–4); *see Wolff*, 418 U.S. at 564 ("We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate[.]").

Second, Petitioner was informed of his right to call witnesses and/or present documentary evidence at the disciplinary hearing. (ECF 12-2 at 18); *see Wolff*, 418 U.S. at 566 ("We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). Moreover, Petitioner was given the opportunity to present evidence and call witnesses through his counsel substitute, who informed the DHO that Petitioner had no witnesses to call or documentary evidence to present; Petitioner did state as a defense that "it wasn't [his]" K2 (synthetic marijuana). (ECF 12-2 at 18; ECF 13).

Third, the DHO provided Petitioner with a copy of the TDCJ Disciplinary Report and Hearing Record, which provided a written explanation of the evidence relied on and the reasons for the disciplinary action. (ECF 12-2 at 20); *see Wolff*, 418 U.S. at 564 ("We also hold that there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action.") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

Therefore, the *Wolff* requirements have been met in this case.

## V.    MERITS

### A. Grounds One, Two, and Four: Sufficiency of the Evidence

In the first ground of his petition, Petitioner contends that he was denied due process because there was no laboratory report or field test proving that the substance found in Petitioner's cell was K2 (synthetic marijuana). (ECF 1 at 6). Petitioner asserts that this violates "the Disciplinary Rules and Procedures for Offenders Handbook VI.B Presentation of Evidence[.]" (*Id.*). In the second ground, Petitioner states: "According to AD-03.21 'Testing is not necessary[] when an offender is found in possession of [a] controlled substance.' The alleged [controlled substance] was in my cellmate's property, and not on me." (*Id.*). In his fourth ground, Petitioner asserts that he was subjected to cruel and unusual punishment because he was punished for a crime that he did not commit. (*Id.* at 7). As noted above, the Court construes Petitioner's first, second, and fourth grounds as claims that the evidence presented at the disciplinary hearing was insufficient to support the DHO's guilty finding.

Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where *no evidence* in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876–77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The record in this case includes a statement from the accusing officer, Jose Perez, which explained:

> On [May 30, 2020,] a cell search was conducted by myself and narcotic canine Soka. Upon the search Soka alerted to the toilet area, where I then recovered and took initial chain of custody of two rolled pieces of paper believed to have synthetic marijuana. I then passed the chain of custody to Captain Guardiola at approximately 12:00 pm.

(ECF 12-2 at 8). The record also includes an inter-office communication reporting that Captain Guardiola "conducted a field test on a suspected controlled substance, which was discovered in the possession of" Petitioner, and that "[t]he test indicated positive for" K2 (synthetic marijuana). (*Id.* at 13). The DHO indicated that she found Petitioner guilty of the disciplinary offense based on the officer's report and documentary evidence. (*Id.* at 3).

The Court notes that the K2 was found in a common area—under the toilet in Petitioner's cell, where he occupied the bottom bunk bed and a cellmate occupied the top bunk bed. (*See id.* at 3–4, 6). Captain Guardiola stated during the disciplinary hearing that both Petitioner and his cellmate were charged with possession of a narcotic because the K2 was found in a common area. (ECF 13 at 2:35–3:52). Petitioner argues that the K2 belonged only to his cellmate and, thus, there is insufficient evidence to find that Petitioner was ever in possession of the narcotic. (ECF 1 at 6–7). In other words, Petitioner asserts that constructive possession is insufficient to support a guilty finding.

This argument, however, is not persuasive.

> In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located. Constructive possession need not be exclusive, it may be joint with others, and it may be proven with circumstantial evidence.

*United States v. Fambro*, 526 F.3d 836, 839 (5th Cir. 2008) (quoting *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992) (internal citations omitted)). "In the prison disciplinary context,

8

constructive possession provides sufficient evidence of guilt if, as in this case, relatively few inmates have access to the area." *Flannagan v. Tamez*, No. 4:08-CV-465-Y, 2009 WL 649572, at *2 (N.D. Tex. Mar. 12, 2009), *aff'd*, 368 F. App'x 586 (5th Cir. 2010) (citing *McClung v. Hollingsworth*, 2007 WL 1225946, at *3 (4th Cir. April 26, 2007) (contraband found in cell that was the exclusive domain of the inmate and his cellmate); *Santiago v. Nash*, 224 F. App'x 175, 177 (3rd Cir. Mar. 23, 2007) (contraband found taped to inmate's bed was sufficient evidence where only a small number of inmates were potentially guilty of the offense charged); *Henderson v. Morris*, 2007 WL 4289978, at *3 (E.D. Tex. Dec. 3, 2007); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (constructive possession provides some evidence of guilt where only two inmates have access to the contraband); *c.f. Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (constructive possession insufficient evidence where one hundred inmates had access to work area)). "This court is not free to retry the disciplinary charge and substitute its opinion for that of the DHO under these circumstances." *Id.*

There is at least "some evidence" to support a finding of possession of a narcotic, K2 (synthetic marijuana), under Level 1, Code 12.0 of the TDCJ's *Disciplinary Rules and Procedures for Offenders*. *See Hill*, 472 U.S. at 455–56. In other words, "the record is not so devoid of evidence that the findings of the [DHO] were without support or otherwise arbitrary." *Id.* at 457.

Accordingly, Petitioner's first, second, and fourth claims should be denied.

### B. Ground Three: Exclusion from Hearing

In the third ground of his petition, Petitioner claims that he "wasn't allowed to participate in the Disciplinary Hearing. The DHO and Counsel Substitute ran the case without [him] and [Petitioner] was rendered guilty without participating in the hearing." (ECF 1 at 7). Respondent, however, contends that "the record reflects that Thornton refused to attend his hearing." (ECF 18

9

at 22).

Nothing in the record suggests that Petitioner was excluded from the disciplinary hearing by the DHO or any other person. (*See* ECF 12-1; ECF 12-2; ECF 12-3; ECF 13). Instead, the record reflects that, on June 8, 2020, Petitioner's counsel substitute asked him if he wanted to attend the disciplinary hearing. (ECF 12-2 at 5). Petitioner said "no" and did not attend the hearing. (*Id.* at 4–5). Additionally, Petitioner's counsel substitute informed Petitioner of his rights, including his rights to call and question witnesses and present documentary evidence at the hearing. (*Id.* at 18). Thus, there is no evidence that Petitioner "wasn't allowed to participate in the Disciplinary Hearing" or that "[t]he DHO and Counsel Substitute ran the case without [him.]" (*See* ECF 1 at 7). Petitioner has presented conclusory allegations that are unsupported by evidence in the record and have no probative evidentiary value in support of his claim. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Accordingly, Petitioner's third claim should be denied.

## VI.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VII.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 12, 2021.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

10

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).